**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANIEL GODLEWSKI, Jr.        )
            )
     Plaintiff,         )     Case No.: 1:24-cv-415
            )
     v.                )
            )     COMPLAINT FOR VIOLATION OF
Village of Lyons Chief of Police Thomas   )     CIVIL RIGHTS
Herion,            )
            )
     Defendant.       )     **JURY DEMAND**
            )
            )

**JURISDICTION AND VENUE**

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.     At all times herein mentioned, Plaintiff Daniel Godlewski, Jr. ("Godlewski") was and is a citizen of the United States, and was within the jurisdiction of this court.

4.     At all times herein mentioned, Defendant Village of Lyons Chief of Police Thomas Herion ("Herion") was employed by the Village of Lyons Police Department, and was acting under color of state law and as the employee, agent, or representative of the Village of Lyons Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

5.     On or about November 9, 2023, Plaintiff was lawfully located on a public sidewalk, near 8701 Circle Drive, in the Village of Brookfield, County of Cook, State of Illinois.

6.     On that day and place Defendant Herion approached Plaintiff on a public sidewalk while wearing clothing that identified him as a member of the Village of Lyons Police Department.

7.      After approaching Plaintiff on a public sidewalk Defendant Herion ordered other members of the Lyons Police Department to assist him with seizing Plaintiff's person.

8.     Defendant Herion did not have knowledge of any facts creating legal cause to seize Plaintiff's person.

9.     Plaintiff had not committed any crime.

10.    Plaintiff had not engaged in any conduct that would have caused a reasonable police officer to conclude Plaintiff had committed any crime or was about to commit any crime.

11.    After Plaintiff was seized he was detained for an unreasonable period of time.

12.    During and after the seizure Defendant Herion did not learn any information creating legal cause to continue the seizure of Plaintiff's person.

13.    After being seized and detained for an unreasonable period of time Plaintiff was eventually released from police custody without being charged with committing any crimes.

14.    By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered mental and emotional pain and suffering all to his damage in an amount to be ascertained.

15.    The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16.     By reason of the above-described acts and omissions of Defendant, Plaintiff  was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendant Herion for
### UNREASONABLE SEIZURE

17.     Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18.     By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

19.     The arbitrary intrusion by Defendant into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights because seizure and detention of Plaintiff was not supported by legal cause. These acts were in violation of Plaintiff's Fourth Amendment rights.  Therefore, Defendant, in his individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendant:

1. That the Defendant be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendant be required to pay Plaintiff's special damages;

3. That the Defendant be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendant be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendant be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

4