**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Daniel Godlewski, Jr. ) | |
| ) | |
| Plaintiff, ) | Case No.: 24-cv-415 |
| ) | |
| v. ) | |
| ) | |
| Village of Lyons Chief of Police Thomas ) | |
| Herion, ) | |
| ) | |
| Defendant. ) | |

**ANSWER & AFFIRMATIVE DEFENSES OF
DEFENDANT, CHIEF THOMAS HERION**

Defendant, Chief Thomas Herion ("Chief Herion"), by his attorneys, Knight, Nicastro MacKay LLC and Odelson Murphey Frazier & McGrath, Ltd., answers Plaintiff's complaint as follows:

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:** Chief Herion admits the allegations contained in paragraph 1.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Chief Herion admits the allegations contained in paragraph 2.

**PARTIES**

3. At all times herein mentioned, Plaintiff Daniel Godlewski, Jr. ("Godlewski") was and is a citizen of the United States and was within the jurisdiction of this court.

1

**ANSWER:** The Village lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3.

4. At all times herein mentioned, Defendant Village of Lyons Chief of Police Thomas Herion ("Herion") was employed by the Village of Lyons Police Department and was acting under color of state law and as the employee, agent, or representative of the Village of Lyons Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Chief Herion admits the allegations contained in paragraph 4.

## FACTUAL ALLEGATIONS

5. On or about November 9, 2023, Plaintiff was lawfully located on a public sidewalk, near 8701 Circle Drive, in the Village of Brookfield, County of Cook, State of Illinois.

**ANSWER:** Chief Herion admits the allegations contained in paragraph 5 except the referenced property is located in Lyons, Illinois not Brookfield, Illinois.

6. On that day and place Defendant Herion approached Plaintiff on a public sidewalk while wearing clothing that identified him as a member of the Village of Lyons Police Department.

**ANSWER:** Chief Herion admits the allegations contained in paragraph 6.

7. After approaching Plaintiff on a public sidewalk Defendant Herion ordered other members of the Lyons Police Department to assist him with seizing Plaintiff's person.

**ANSWER:** Chief Herion admits that plaintiff was momentarily detained.

8. Defendant Herion did not have knowledge of any facts creating legal cause to seize Plaintiff's person.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 8.

9. Plaintiff had not committed any crime.

**ANSWER:** Chief Herion admits the allegation contained in paragraph 9.

10. Plaintiff had not engaged in any conduct that would have caused a reasonable police officer to conclude Plaintiff had committed any crime or was about to commit any crime.

**ANSWER:** Chief Herion admits the allegations contained in paragraph 10.

11. After Plaintiff was seized, he was detained for an unreasonable period of time.

**ANSWER:** Chief Herion denies the allegation contained in paragraph 11.

12. During and after the seizure Defendant Herion did not learn any information creating legal cause to continue the seizure of Plaintiff's person.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 12.

13. After being seized and detained for an unreasonable period of time Plaintiff was eventually released from police custody without being charged with committing any crimes.

**ANSWER:** Chief Herion admits that Plaintiff was detained for less than 15 minutes and was not charged with committing a crime.

14. By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 14.

15. The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 15.

16. By reason of the above-described acts and omissions of Defendant, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 16.

## COUNT I
## Plaintiff against Defendant Herion for
## UNREASONABLE SEIZURE

17. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

**ANSWER:** Chief Herion restates paragraphs 1 – 16 of this answer as his answer to paragraph 17 as though fully set forth herein.

18. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 18.

19. The arbitrary intrusion by Defendant into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights because seizure and detention of Plaintiff was not supported by legal cause. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant, in his individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Chief Herion denies the allegations contained in paragraph 19.

**WHEREFORE,** Chief Thomas Herion denies that Plaintiff is entitled to any relief and prays that judgment be entered for him and against Plaintiff and that he be awarded such other relief as may be appropriate.

## AFFIRMATIVE DEFENSE

Defendant Chief Herion, by the undersigned counsel, and without prejudice to his denials of the allegations contained in Plaintiff's Complaint at Law and without waiver of the obligation of Plaintiff to prove each and every factual element of his claim and to carry his burdens of proof, state as follows for his affirmative defense:

**Qualified Immunity**

1. At all times material to the events alleged in Plaintiff's Complaint, Defendant Chief Herion was engaged in performing his duties on behalf of the Village of Lyons in his capacity as the Chief of Police.

2. At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent municipal police officer, objectively viewing the facts and circumstances then confronting Defendant Herion, could have believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time.

3. Defendant Herion acted in good faith with regard to his conduct towards the Plaintiff.

4. Accordingly, Defendant Chief Heroin is entitled to qualified immunity as a matter of law.

**WHEREFORE,** Chief Thomas Herion denies that Plaintiff is entitled to any relief and prays that judgment be entered for him and against Plaintiff and that he be awarded such other relief as may be appropriate.

                                                Chief Thomas Herion

                                                /s/ *Mark H. Sterk*
                                                One of his attorneys

Mark H. Sterk
Richard F. Bruen
Knight Nicastro MacKay LLC
4544 West 103rd Street, Unit 2NE
Oak Lawn, Illinois 60453
msterk@knightnicastro.com
rbruen@knightnicastro.com
312-690-5704


Michael McGrath
Michael J. Hayes
Sean McGrath
Odelson Murphey Frazier & McGrath
3318 West 95th Street
Evergreen Park, Illinois 60805
mmcgrath@omfmlaw.com
mhayes@omfmlaw.com
smcgrath@omfmlaw.com
708-424-5678